

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed July 19, 2007                                                United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DITRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| James Gregory Brooks | § | Case No. 07-40133-DML-7 |
| | § | |
| Debtor. | § | |
| | | |
| Loe, Warren, Rosenfield, Katcher, | § | |
| Hibbs, & Windsor, P.C. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 07-04040-DML |
| | § | |
| James Gregory Brooks, Sr. | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Before the court is the "*Complaint to Determine Dischargeability of Debt [sic] Section 523(a)(5) and Section 523(a)(15) Debt for Attorney's Fees for Alimony or Support of Child*" (the "Complaint") filed by Loe, Warren, Rosenfield, Kaitcher, Hibbs & Windsor, P.C. (the "Firm") pursuant to 11 U.S.C. § 523. Also before the court is the "*Rule 12(B)(6) [sic] Motion to Dismiss*" (the "Motion") filed by James Gregory Brooks (the "Debtor") pursuant to Fed. R. Civ.

P. 12(b)(6). The court exercises core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(I). This memorandum opinion embodies the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

## I. Background

The facts of this case may be summarized as follows: the Firm represented Susan Murphy Brooks (the "Former Spouse") in a state court proceeding (the "Divorce Proceeding") between the Former Spouse and Debtor, styled Cause #231-329106-02, 231st Judicial District Court, Tarrant County, Texas. As a result of the Firm's representation, the Former Spouse incurred attorneys' fees (the "Fees"). In order to obtain payment of the Fees, the Firm intervened in the Divorce Proceeding and sued its own client, the Former Spouse, and Debtor. The Firm obtained a judgment (the "Final Judgment"), signed April 5th, 2006, against Debtor and the Former Spouse for "[attorneys'] fees associated with obtaining and enforcing temporary *spousal support* and temporary enforcement of *the disposition of property* pending divorce . . ." Complaint, Exhibit A ¶ 2 (emphasis added). In the Final Judgment the Court awarded the Firm $23,923.00, recoverable from Debtor with post-judgment interest at 7.5% per annum. The Firm also received a separate award in the Final Judgment for $11,133.98, recoverable from the Former Spouse with post-judgment interest at 7.5% per annum. Notably, Debtor is not liable (either to the Firm or to the Former Spouse) for the latter amount nor is the Former Spouse liable for the $23,923.00 awarded against Debtor. During all relevant times, Debtor has been the custodial parent for Richard Daniel Brooks (the "Child"), and Debtor has had no obligation to pay any spousal support to the Former Spouse.

The Firm attempted to collect on the Final Judgment to no avail. On January 5, 2007 Debtor filed for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*,

hereinafter referred to as the "Bankruptcy Code"). Subject to the outcome of this adversary proceeding, Debtor was discharged of his debts on April 14, 2007. The Firm now claims the Fees are non-dischargeable, as to Debtor, under 11 U.S.C. § 523(a)(5) or (15). Debtor contends that the Firm lacks standing to assert a claim under section 523(a)(5) or (15) and, further, that the Firm has failed to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard for Granting the Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) (made applicable herein by Fed. R. Bankr. P. 7012(b)) should only be granted when "it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting 5 CHARLES A. WRITING & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1st ed. 1969)). "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's rights to relief based upon those facts." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992)). Dismissal under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey,* 117 F.3d at 247 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

### III. Discussion

The issue before the court is whether a complaint filed by a law firm asserting that attorneys' fees are non-dischargeable—either as a "domestic support obligation" under section 523(a)(5) or a divorce-related debt under section 523(a)(15)—states a claim upon which relief can be granted. Pursuant to 11 U.S.C. § 523,

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
> . . .
> (5) for a *domestic support obligation*;[1]
> . . .
> or;
> . . .
> (15) to *a spouse, former spouse, or child* of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;[2]

(emphasis added). The Firm argues that the Fees are so intertwined with support that they constitute a "domestic support obligation" and are therefore non-dischargeable under section 523(a)(5). The Firm alternatively argues that the Fees are a non-dischargeable divorce-related debt under section 523(a)(15), since the Fees were incurred in connection with the Divorce Proceeding.

In the absence of binding precedent to the contrary, a bankruptcy court should adopt and apply the plain meaning of the Bankruptcy Code unless to do so would lead to an absurd result. *See Lamie v. United States Tr.,* 540 U.S. 526 (2004); *United States v. Ron Pair Enters., Inc.*, 489

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (2005), ("BAPCPA") substantially revised section 523(a)(5). The significance of this revision will be discussed *infra*.

[2] BAPCPA added language to section 523(a)(15) as discussed *infra*.

U.S. 235 (1989). Accordingly, this court looks to the plain meaning of section 523 in determining whether the Fees are dischargeable.

To ascertain the meaning of "domestic support obligation" in section 523(a)(5), the court looks to the definition found in section 101(14A):[3]

> (14A) The term "domestic support obligation" means a debt . . . that is—
>   (A) owed to or recoverable by—
>     (i) *a spouse, former spouse, or child* of the debtor *or such child's parent, legal guardian, or responsible relative*; or
>     (ii) *a governmental unit;*
>   (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>   (C) established . . . by reason of applicable provisions of—
>     . . .
>     (ii) an order of a court of record; . . . and
>   . . .
>   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

(emphasis added). Even assuming the Final Judgment is a debt "in the nature of alimony, maintenance, or support,"[4] the Firm is not Debtor's spouse, Debtor's former spouse, or Debtor's child; nor Debtor's child's parent, legal guardian, or responsible relative; nor a governmental unit. As none of these, the Firm does not fall within the ambit of section 101(14A) and is not an entity to whom a "domestic support obligation" may be owed under section 523(a)(5). Similarly, only a debt "to *a spouse, former spouse, or child* of the debtor" is non-dischargeable under

---

[3] BAPCPA added section 101(14A) to the Code as discussed *infra*.

[4] The court would hold that the obligation underlying the Final Judgment does not fall within the definition of section 101(14A)(B). As the court concludes the Firm is not a protected party under section 101(14A)(A), it need not detail its reasoning for so holding beyond the failure of the debt (or even the language of the Final Judgment) to conform to the content of the definition.

section 523(a)(15) (emphasis added). Thus, applying the plain meaning rule, the Firm is not an entity to which may be owed a non-dischargeable divorce-related debt.[5]

The court notes that section 101(14A) defines "domestic support obligations" to include debts "recoverable by" a spouse, former spouse, child of the debtor, etc. In the case at bar, these words do not aid the Firm since the Fees are not "recoverable by" any of those entities specified in the definition but rather can be recovered only by the Firm. Further, while one could read section 101(14A) to suggest that if the Former Spouse could recover the Fees owed the Firm, the Firm could assert the obligation to be non-dischargeable, Congress intended in section 523(a)(5) to ensure the support of a debtor's family, not to turn a debtor's family members into debt recovery associates. This is evidenced by the words of the defined term itself: "a domestic *support* obligation." (emphasis added). *See also* 11 U.S.C. § 101(14A)(B) ("in the nature of *alimony*, *maintenance*, *or support* . . . of such spouse, former spouse, or child of the debtor or such child's parent . . . ;" (emphasis added)).

Moreover, BAPCPA added both the words "recoverable by" and the reference to "a governmental unit" in the language describing non-dischargeable debts under section 523(a)(5). In light of this contemporaneity, the court concludes that the reference to debts "recoverable by" under section 101(14A)(A) is intended to further the ability of "a governmental unit" described in section 101(14A)(A)(ii) to pursue "a domestic support obligation," not to broaden the category of entities that may assert that debts owed to them are non-dischargeable. The limitation of section 101(14A)(D), which excludes from the definition of "domestic support obligation," most

---

[5] Debtor has posed the question as one of standing. Actually, sections 523(a)(5) (incorporating section 101(14A)) and 523(a)(15) do not confer standing. However, by defining the debts designated as nondischargeable to include the characteristic that the debt must be owed to or for the benefit of specific entities, the effect is the same as to limit standing to those specified entities or entities acting on their behalf. *See* 11 U.S.C. § 101(14A)(D).

obligations assigned *other than to governmental units*, supports the court's conclusion that Congress inserted the words "recoverable by" to aid governmental units.

This conclusion leads to obvious benefits. For example, by these two inclusions Congress has ensured that an obligation for the support of a child *recoverable by* a former spouse that can be collected by a governmental unit on behalf of the former spouse may be determined non-dischargeable pursuant to section 523(a)(5) in a suit by a governmental unit, even though the governmental unit is not itself an obligee. Had the reference to governmental units been added in section 101(14A)(A)(ii) without the addition of "recoverable by" in section 101(14A)(A), a "domestic support obligation" would only be found non-dischargeable in a suit by a state attorney general if the obligation were directly owed to the state agency.

Besides revamping section 523(a)(5) BAPCPA also made important changes to section 523(a)(15). Prior to BAPCPA, section 523(a)(15) ("Former Section 523(a)(15)") provided:

>  (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>  . . .
>  (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit . . . ;

BAPCPA added language to the beginning of Former Section 523(a)(15); section 523(a)(15) now provides:

>  (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>  . . .
>  (15) to *a spouse, former spouse, or child* of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit . . . ;

(emphasis added). The addition has unambiguously limited the parties to whom a non-dischargeable divorce-related debt may be owed under section 523(a)(15). The Firm is not Debtor's spouse, Debtor's former spouse, or child of the Debtor. Every case cited by the Firm in support of its position that it should be able to assert non-dischargeability of its claim against Debtor was decided under Former Section 523(a)(15). A plain reading of the new language in section 523(a)(15) leaves no doubt that the Firm's claim against Debtor is dischargeable.

Congress balanced two public policies in section 523(a)(5) and (15): the Bankruptcy Code's purpose of providing a fresh start to a deserving debtor; and the importance of a debtor's obligations to his family. *See Marrama v. Citizens Bank*, 127 S. Ct. 1105, 1007, 166 L. Ed. 2d 956, 961 (2007) ("The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" (quoting *Grogan v. Garner*, 498 U.S. 279, 286, 287 (1991))); *Sateren v. Sateren* (*In re Sateren*), 183 B.R. 576, 581 (Bankr. D. N.D. 1995) ("Congress enacted § 523(a)(5) in an effort to resolve the conflict between the fresh start policy of the bankruptcy discharge and the family law policy which recognizes the need of ensuring the necessary financial support for the disadvantaged spouse after the termination of the marriage . . ."). Construing the exceptions to discharge found in section 523(a)(5) and (15) as limited to debts actually for support of a spouse or child serves both these policies.

Narrowly reading exceptions to discharge ensures that the Bankruptcy Code will provide a deserving debtor with a discharge that indeed provides a fresh start. *See Matter of Hudson*, 107 F.3d 355, 356 (5th Cir. 1997) ("[A] basic principle of bankruptcy [is] that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." (citing *Murphy & Robinson Inv. Co. v. Cross*

(*In re Cross*), 666 F.2d 873, 880 (5th Cir. 1982))). Congress did not intend to provide for the support of law firms in section 523(a):

> The [section 523(a)(15)] exception [to discharge] applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and *can be asserted only by the other party to the divorce* or separation . . . It is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section.

140 Cong. Rec. H10752-01, H10770 (daily ed. Oct. 4, 1994) (emphasis added). *See In re Olson*, 355 B.R. 649, 659 (Bankr. E.D. Tenn. 2006) ("This subsection applies 'only to obligations owed by the debtor directly to *a spouse, former spouse, or child* . . .'" (emphasis added) (quoting *McCracken v. LaRue* (*In re LaRue*), 204 B.R. 531, 534 (Bankr. E.D. Tenn. 1997)). "This is the majority opinion both within the Sixth Circuit and among bankruptcy courts, based in large part upon the clear legislative intent that 'this exception [to discharge] applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and *can be asserted only by the other party to the divorce or separation*.'" *Id.* (alteration in original) (emphasis added) (quoting *Estate of Bryant v. Bryant* (*In re Bryant*), 260 B.R. 839, 849 (Bankr. W.D. Ky. 2001) (holding that the probate estate of a debtor's former spouse lacks standing to proceed under section 523(a)(15) against the debtor)). [6] To the extent the correctness of this limitation on the scope of section 523(a)(15) may have been doubted, the doubts were resolved by the changes made by BAPCPA.

The limitation that only the other party to the divorce or separation can assert a divorce-related debt as non-dischargeable under section 523(a)(15) also applies to entities other than an attorney representing a former spouse. *See, e.g.*, *Olson,* 355 B.R. 649 (holding that a business partner did not have standing for an action against the debtor under section 523(a)(15)); *Bryant*,

---

[6] The same analysis is applicable to section 523(a)(5) liabilities.

260 B.R. at 849; *Beggs v. Niewdich* (*In re Beggs*), 314 B.R. 401, 417 (Bankr. E.D. Ark. 2004) (holding that a debtor's step-daughter could not assert non-dischargeability under section 523(a)(15)); *Brian M. Urban Co., L.P.A. v. Wenneman* (*In re Wenneman*), 210 B.R. 115, 119 (Bankr. N.D. Ohio 1997) (holding that a debtor's divorce attorney could not assert non-dischargeability under section 523(a)(15)).

A number of the cases cited by the Firm involved debts actually being pursued by persons who have since been specifically listed in section 523(a)(15) as a result of the BAPCPA revision. *See, e.g., In re Kemp*, 232 F.3d 652 (8th Cir. 2000) (mother of debtor's child sought medical expenses); *Ewing v. Ewing*, 180 B.R. 443 (Bankr. N.D. Va. 2006) ("directing the debtor to *reimburse* [his former spouse] for attorney's fees" (emphasis added)); *Dodge v. LaCasse* (*In re LaCasse*), 238 B.R. 351, 353 (Bankr. W.D. Mich. 1999) (ordering debtor to pay his "ex-wife's attorney's fees"); *Sateren*, 183 B.R. at 581 (debtor's former spouse sought a determination that a provision in a divorce decree be declared non-dischargeable); *Pinkstaff v. Pinkstaff* (*In re Pinkstaff*), 163 B.R. 504, 505 (Bankr. N.D. Ohio 1994) (debtor's former spouse sought to except debt for attorneys' fees, *inter alia*, from discharge).

The court believes that its decision today is consistent with congressional intent. When Congress carved out of discharged debts those obligations related to spousal or child support, its primary concern was for the spouse or child. *See* 140 Cong. Rec. H10752-01, H10770 (daily ed. Oct. 4, 1994). Congress did not intend for section 523(a)(5) or (15) to aid in a law firm's collection effort. The typical scenario that Congress intended to prevent is when a spouse (the non-debtor) or a child is left out-of-pocket because of a debtor's bankruptcy filing. Therefore, if a child or non-debtor spouse owes attorneys' fees in connection with domestic support, it may make sense for those fees to be non-dischargeable. The court need not address whether such fees

would be non-dischargeable even if not yet paid by the non-debtor party because that debt is not discharged under section 523(c) (even if the non-debtor spouse does not pay the attorneys' fees until after the debtor's discharge). Section 523(c) provides that the non-dischargeability of certain debts, including those covered by sections 523(a)(5) and 523(a)(15), need not be established prior to entry of a discharge order.

Finally, in its brief, the Firm cites two cases for the proposition that attorneys' fees that are "so intertwined" with the issue of support should be non-dischargeable under section 523(a)(5). *See Dvorak v. Carlson* (*In re Dvorak*), 986 F.2d 940, 941 (5th Cir. 1993) and *Hill v. Snider* (*In re Snider*), 62 B.R. 382, 385 (Bankr. S.D. Tex. 1986). At the outset, the court notes that these cases are pre-BAPCPA cases.[7] When Congress amends statutes, it is presumed to be knowledgeable about existing case law pertinent to the legislation it enacts. *U.S. v. Phillips*, 19 F.3d 1565, 1581 (11th Cir. 1994); *see also In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on September 2, 1998*, 210 F.Supp.2d 570, 575 (E.D. Pa. 2002). The issue of whether attorneys' fees incurred in connection with spousal or child support are non-dischargeable is not a novel one. *See, e.g., In re Dvorak*, 986 F.2d 940 and *In re Snider*, 62 B.R. 382. Yet, in going out of its way to define, in newly enacted section 101(14A), the list of entities (i.e., the entities specified in the statute) that may assert claims related to a "domestic support obligation," Congress did not add attorneys to this list, though it certainly could have.[8]

---

[7] Moreover, the extent to which the Fees in the case at bar are "intertwined" with actual support is not comparable to the facts in *Dvorak* and *Snider*. The evidence of benefit to the children in those cases is not matched in the case at bar.

[8] Congress did, however, add guardians and non-spouse parents (thus responding to *Dvorak* and *Kemp*) to this list.

## IV.  Conclusion

The court concludes that, under the facts alleged in the Complaint, the Firm has not provided any basis for Debtor's liability to be excepted from discharge under section 523(a)(5) or (15).  A law firm may not assert a claim for non-dischargeable attorneys' fees as either a "domestic support obligation" under section 523(a)(5), or a divorce-related debt under section 523(a)(15).  Because the Firm is not an entity listed in section 523(a)(5) or (15), this adversary proceeding must be dismissed and the Motion must be and is hereby GRANTED.  Each party shall be responsible for its costs and attorneys' fees.

Debtor's counsel is directed to prepare and submit a judgment consistent with this opinion.

*** End of Opinion ***